UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
GARY HODGES, *pro se*,                           :
                                                 :
                        Petitioner,              :
                                                 :        **MEMORANDUN & ORDER**
              -against-                           :              10-CV-2894(DLI)
                                                 :
ROBERT ERCOLE, Superintendent, Green Haven       :
Correctional Facility,                           :
                                                 :
                        Respondent.              :
                                                 :
                                                 :
                                                 :
---------------------------------------------------------------- x
**DORA L. IRIZARRY, United States District Judge:**

  *Pro se* petitioner Gary Hodges filed this petition for a writ of habeas corpus pursuant to

28 U.S.C. § 2254.  (*See generally* Petition ("Pet."), Doc. Entry No. 1.)  Petitioner pled guilty to

one count of Murder in the Second Degree (N.Y. Penal Law § 125.25[3]), and two counts of

Attempted Robbery in the First Degree (N.Y. Penal Law §§ 110.00, 160.15[1]) and was

sentenced to a term of imprisonment of forty years to life.  (Sapaskis Affidavit ("Sapaskis Aff."),

Doc. Entry No. 3, ¶¶ 7, 26.)  Petitioner asserts that: (1) the state court erred when it denied his

motion to vacate his guilty plea, as there was insufficient evidence to establish his criminal

liability, and (2) his sentence was excessive and should be reduced as the evidence indicates that

his role in the crimes charged was minor in comparison to his co-defendants.   (Pet. ¶ 13.)

Respondent opposes the petition, contending that the claims are barred from federal habeas

review as the state court dismissed the claims on independent and adequate state procedural

grounds, and that none of the exceptions to the independent-and-adequate doctrine are

applicable.  (Respondent's Memorandum in Opposition ("Resp. Opp."), Doc. Entry No. 3, pp.

21-38.)

For the reasons set forth below, the Petition is denied in its entirety. The instant action is dismissed with prejudice.

## BACKGROUND

On November 9, 2002, petitioner, and two other individuals, Paul Chandler and Jason Wright, discussed plans to commit an armed robbery. (Sapaskis Aff. ¶ 4.) They then drove around Woodside, New York, ultimately targeting a taxicab driver. (*Id*.) Chandler and Wright exited their car and chased the taxicab driver, who had fled on foot. (*Id*.) Petitioner remained in the car. (*Id*.; Pet. ¶ 3.) Chandler fatally shot the driver and informed petitioner of the murder upon returning to their car. (Sapaskis Aff. ¶ 4.)

Three nights later, petitioner, Chandler, Wright, and a fourth individual, Marlon Clements, drove around Jackson Heights, New York, searching for a second driver to rob. (*Id*. ¶ 5.) Petitioner, Chandler, and Clements approached the victim, who fled on foot. (*Id*.; Pet. ¶ 3.) They chased the victim and Chandler shot the victim twice. (Sapaskis Aff. ¶ 5.) The victim survived the shooting. (*Id*.) Petitioner was arrested upon fleeing the crime scene. (*Id*.)

The indictment charged petitioner with three counts of Murder in the Second Degree (one count each of N.Y. Penal Law § 125.25[1], [2], [3]); one count of Attempted Murder in the Second Degree (N.Y. Penal Law § 125.25[1]); three counts of Assault in the First Degree (one count each of N.Y. Penal Law § 120.10[1], [3], [4]); two counts of Robbery in the First Degree (one count each of N.Y. Penal Law § 160.15[1], [2]), two counts of Attempted Robbery in the First Degree (one count each of N.Y. Penal Law § 160.15[1], [2]); one count of Robbery in the Second Degree (N.Y. Penal Law § 160.10[1]); two counts of Criminal Possession of a Weapon in the Second Degree (N.Y. Penal Law § 265.03[2]); one count of Attempted Robbery in the Second Degree (N.Y. Penal Law §§ 110.00, 160.10); and two counts of Criminal Possession of a

Weapon in the Third Degree (N.Y. Penal Law § 265.02[4]).  (*Id.* ¶ 6; Queens Co. Indict. No. 4099-02.)  The indictment charged co-defendants Chandler and Wright with identical charges. (Sapaskis Aff. ¶ 6.)  The indictment charged co-defendant Clements for the counts pertaining to the second robbery, as he was not involved with the first.  (*Id.*)

On June 30, 2004, petitioner pled guilty pursuant to a cooperation agreement to one count of Murder in the Second Degree (N.Y. Penal Law § 125.25[3]), and two counts of Attempted Robbery in the First Degree (N.Y. Penal Law §§ 110.00, 160.15[1]).  (*Id.* ¶ 7.)  The terms of the plea agreement permitted petitioner to withdraw his murder guilty plea and to be sentenced solely for the attempted robbery counts, to concurrent, determinate prison terms of fourteen years, in exchange for his full cooperation in prosecuting his co-defendants for both armed robberies.  (*Id.*)  During the plea colloquy, the judge asked petitioner a series of questions regarding his waiver of various constitutional protections.  (*Id.*)  In particular, petitioner stated he understood that, by the terms of the plea agreement, he waived the right to appeal both the plea and the sentence.  (Plea Allocution of Jun. 30, 2004 ("Plea Tr."), Resp. Ex. 6, at 7:19-24; 15:11-16:1.)

Petitioner then described his involvement in both crimes.  With respect to the November 9, 2002 armed robbery, which resulted in the death of the victim, petitioner stated that: (1) he, Chandler and Wright were in their car; (2) Chandler and Wright exited the car; and (3) petitioner remained in the car sleeping.  (Plea Tr. at 9:10-22.)  Petitioner stated that he "had full notice we were going to go rob somebody" and further indicated that Chandler "had the gun."  (*Id.* at 9:17-18.)  He also stated that he and his co-defendants discussed their plans for the armed robbery in advance.  (*Id.* at 9:23-10:3.)  Petitioner did not hear the fatal gunshot, but he repeatedly stated that he knew Chandler had a gun.  (*Id.* at 10:10-11:7.)  With respect to the November 12, 2002

3

armed robbery, during which the victim was shot twice, but survived, petitioner indicated that he, Chandler, Wright, and Clements targeted the driver. (*Id*. at 12:5-11.) Petitioner stated that he and his co-defendants intended to rob the victim, but that he did not recall anything being taken from the victim. (*Id*. at 13:8-14:3.)

Subsequently, co-defendant Clements, who participated solely in the second armed robbery, pled guilty to one count of Robbery in the Second Degree (N.Y. Penal Law § 160.10[1]). (Sapaskis Aff. ¶ 15.) He was sentenced to a determinate term of imprisonment of four years. (*Id*.) Petitioner's cooperation was not necessary for the disposition of Clements' indictment. (*Id*.)

In November 2005, petitioner announced that he would not participate in the pending trial of co-defendant Chandler. The state proceeded to trial without petitioner's promised accomplice testimony. (*Id*. ¶ 17.) The state secured convictions on numerous counts, including two counts of murder and one count of attempted murder. (*Id*.) The court sentenced Chandler to concurrent, indeterminate prison terms of twenty-five years to life for the two murder convictions, and concurrent, determinate prison terms of lesser length for the convictions of the less serious charges. (*Id*.)

On February 21, 2006, petitioner met with a new attorney, as his prior attorney had deceased. (*Id*. ¶ 18.) On February 27, 2006, petitioner moved to vacate his plea, contending that: (1) he was actually innocent of the crimes charged; (2) his attorney pressured him to plead guilty; and (3) alternatively, the factual basis of petitioner's plea allocution was legally insufficient. (*Id*.; Pet. Mot. to Vacate, Doc. Entry No. 3, Resp. Attachment.) On March 10, 2006, the court denied petitioner's motion in its entirety.

In March 2006, the trial against co-defendant Wright began. (*Id*. ¶ 21.) Petitioner again

refused to testify.  (*Id*.)  According to respondent, the state was forced to enter into a plea agreement with co-defendant Wright as the direct result of petitioner's refusal to testify.  (*Id*. ¶ 22.)  Subsequently, Wright pled guilty to one count of Criminal Possession of a Weapon in the Second Degree (N.Y. Penal Law § 265.03[2]) and received a sentence of a determinate term of imprisonment of fourteen years.  (*Id*.)

At the sentencing hearing held on May 30, 2006, the prosecutor advocated for a sentence greater than that contemplated by the plea agreement, setting forth the details of the plea and cooperation agreements and contending that petitioner had violated the terms of those agreements by refusing to testify against his co-defendants.  (Sentencing Hearing of May 30, 2006 ("S. Tr."), Doc. Entry No. 3, Sapaskis Aff. Attachment; S. Tr. at 4:5-5:22.)  Petitioner's attorney argued that petitioner deserved leniency because: (i) petitioner had only a minor role in the two armed robberies, (ii) co-defendant Chandler, the shooter, received a sentence of a term of imprisonment of twenty-five years to life, and (iii) petitioner should not be penalized for his refusal to cooperate, which was based on his fear for his safety.  (S. Tr. at 7:3-12:24.)  The judge sentenced petitioner to a term of imprisonment of twenty-five years to life for the Murder in the Second Degree (N.Y. Penal Law § 125.25[3]) count, and two terms of imprisonment of fifteen years to life for the two counts of Attempted Robbery in the First Degree (N.Y. Penal Law §§ 110.00, 160.15[1]).  (S. Tr. at 13:12-14:4.)  The judge ordered the term of imprisonment for the murder conviction to run concurrent to one of the terms of imprisonment for attempted robbery and consecutive to the other count, as they resulted from separate crimes.  (S. Tr. at 13:18-14:12.)

Petitioner timely appealed, contending that: (i) the trial court erred in denying his motion to vacate the plea agreement, and (ii) his sentence was excessive, given his minor role in the

armed robberies, and because he was penalized for refusing to testify. (Petitioner's Appeal, Doc. Entry No. 3, Sapaskis Aff. Attachment.) The Appellate Division, Second Department, denied petitioner's appeal, holding that: "The defendant's waiver of his right to appeal was valid, and precludes review of his challenge to the factual sufficiency of his plea allocation and his right to claim that the sentence imposed was excessive." *See People v. Hodges*, 57 A.D.3d 920 (2d Dep't 2008) (internal citations omitted). Petitioner sought leave to appeal to the New York Court of Appeals, which was denied. *See People v. Hodges*, 12 N.Y.3d 784 (2009). Petitioner then timely filed the instant action, *pro se*, seeking a writ of habeas corpus on the grounds that: (i) the factual basis of the guilty plea is insufficient to establish his criminal liability; and (ii) his sentence is excessive, because of his minor role in the armed robberies, and it constitutes an unfair penalty for his refusal to testify. (*See generally*, Pet.)

## DISCUSSION

### I.     Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") narrowed the scope of federal habeas review of state convictions when the state courts have adjudicated a Petitioner's federal claims on the merits. Under the AEDPA standard, which governs the review of petitions challenging state convictions entered after 1996, federal courts may grant habeas relief only if the state court's adjudication on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A decision is "contrary to" federal law, "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state

court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). An "unreasonable application" is one in which "the state court identifie[d] the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applie[d] that principle to the facts of the prisoner's case." *Id.* at 413. A federal court may not grant relief "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the state court's application must have been "objectively unreasonable." *Id.* at 409. "[A] determination of a factual issue made by a State court shall be presumed to be correct," and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

*Pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citation omitted). Courts should "interpret [such papers] to raise the strongest arguments that they suggest." *Forsyth v. Fed'n Emp't & Guidance Serv.*, 409 F. 3d 565, 569 (2d Cir. 2005) (citation and internal quotation marks omitted). Though a court need not act as an advocate for *pro se* litigants, in such cases "there is a greater burden and a correlative greater responsibility upon the district court to insure that constitutional deprivations are redressed and that justice is done." *Davis v. Kelly*, 160 F. 3d 917, 922 (2d Cir. 1998) (citation omitted).

## II.   Procedural Default

District courts cannot review a state prisoner's federal claims if they are barred from federal review by an independent and adequate state ground, "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of

federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  When a state court concludes that a claim is unpreserved for appellate review, this is "an independent and adequate state ground that bars a federal court from granting habeas relief." *Butler v. Cunningham*, 313 F. App'x 400, 401 (2d Cir. 2009) (citing *Coleman*, 501 U.S. at 750); *see also Reid v. Senkowski*, 961 F. 2d 374, 377 (2d Cir. 1992).  Therefore, if a state court's holding contains a statement that a claim is procedurally barred based on a state rule, the federal court may not review it even if the state court also rejected the claim on the merits "in any event."  *See Fama v. Comm. of Corr. Servs.*, 235 F. 3d 804, 811 n.4 (2d Cir. 2000); *see also Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989).

If a claim has been procedurally defaulted in state court, a federal court may address its merits only if the petitioner demonstrates cause for the default and prejudice to the petitioner or that a fundamental miscarriage of justice will occur if the court does not review the claim.  *See Murray v. Carrier*, 477 U.S. 478, 485, 492 (1986); *Wainright v. Sykes*, 433 U.S. 72, 87 (1977); *Bossett v. Walker*, 41 F. 3d 825, 829 (2d Cir. 1994).  "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."  *Murray*, 477 U.S. at 488; *see also Clark v. Perez*, 510 F. 3d 382 (2d Cir. 2008).  To establish prejudice, petitioner must show that the alleged violation "worked to his actual and substantial disadvantage, infecting the entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982).

### III.     Application

In the instant action, petitioner challenges the factual basis for his conviction and the length of his resulting sentence.  As set forth above, petitioner pled guilty pursuant to plea and cooperation agreements, with the understanding that the murder plea would be vacated and he would receive a determinate sentence of fourteen years of imprisonment on the robbery counts in exchange for his testimony against his co-defendants.  Petitioner then refused to testify against his co-defendants.  According to the terms of the plea agreement, petitioner's refusal to testify freed the sentencing judge from the sentence negotiated pursuant to the plea agreement, and the sentencing judge elected to sentence petitioner to a significantly longer sentence than that specified in the plea agreement.

Petitioner filed an appeal, asserting two claims identical to those that he now asserts in the Petition.  The Appellate Division rejected both of his claims on procedural grounds, citing solely to state precedent on the waiver of appellate rights.  *See People v. Hodges*, 57 A.D.3d 920 (2d Dep't 2008) (internal citations omitted) ("The defendant's waiver of his right to appeal was valid, and precludes review of his challenge to the factual sufficiency of his plea allocution and his right to claim that the sentence imposed was excessive.").  In this circuit, it is well settled that "the affirmative waiver of a petitioner's right to appeal can provide an adequate and independent state ground on which to deny habeas relief."  *E.g.*, *Hoeft v. D.E. LaClair*, 08-CV-6060(VEB), 2011 WL 1198763, *5 (W.D.N.Y. Mar. 28, 2011).  Petitioner has not raised any claim as to the validity of the waiver of his appellate rights, nor could he.  Under these circumstances, this Court is precluded from reviewing his claims as they were procedurally defaulted on an independent and adequate state procedural ground.

Petitioner has made no showing of cause for the default and prejudice attributable thereto, or that a fundamental miscarriage of justice would occur should the Court not review his claims. "To show a 'fundamental miscarriage of justice' a petitioner is required to demonstrate that a constitutional violation has resulted in the conviction of someone who is 'actually innocen[t].'" *Hoeft*, 2011 WL 1198763, at *4 (citing *Calderon v. Thompson*, 523 U.S. 538, 559 (1998)). Petitioner has presented no new evidence of his innocence. The minutes from his guilty plea establish that he was present and involved with both armed robberies, and he was arrested at the scene of the second robbery. He also admitted to planning the robberies with his co-conspirators and, notably, that he knew Chandler "had a gun." Under these circumstances, and given the absence of any new evidence of innocence, there is no colorable argument of actual innocence. Thus, the Court's refusal to entertain petitioner's claims will not result in a miscarriage of justice.

**CONCLUSION**

For the reasons set forth above, the Petition is denied in its entirety and the case is dismissed with prejudice.  Petitioner is denied a certificate of appealability, as he has failed to make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see* FED. R. APP. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Luciadore v. New York State Div. of Parole*, 209 F. 3d 107, 112 (2d Cir. 2000).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).


SO ORDERED.

Dated: Brooklyn, New York
          August 27, 2012

                                          _____
                                                            /s/
                                          DORA L. IRIZARRY
                                          United States District Judge